United States District Court
For the Northern District of California

1

2

3                 UNITED STATES DISTRICT COURT

4               NORTHERN DISTRICT OF CALIFORNIA

5                      OAKLAND DIVISION

6

7   RAYMOND CAMPOS,

8                 Petitioner,              No. C 14-4685 PJH (PR)

9        vs.                              **ORDER DISMISSING CASE**

10  MARTIN BITER,

11               Respondent.
                                      /
12

13      Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus

14  pursuant to 28 U.S.C. § 2254.  Petitioner was convicted in Monterey County which is in this

15  district, so venue is proper here.  *See* 28 U.S.C. § 2241(d).  Petitioner was ordered to show

16  cause why this petition should not be dismissed as unexhausted.

17                          **BACKGROUND**

18      A jury convicted petitioner of inflicting great bodily injury during the deliberate

19  attempted murder of a sheriff's deputy.  He was sentenced to 34 years in state prison.  His

20  conviction was affirmed on appeal.  *People v. Campos*, 2012 WL 3996829 (Cal. App. 6

21  Dist. Sep. 11, 2012).

22                          **DISCUSSION**

23  **A.   Standard of Review**

24      This court may entertain a petition for writ of habeas corpus "in behalf of a person in

25  custody pursuant to the judgment of a State court only on the ground that he is in custody

26  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

27  2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

28  heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

**United States District Court**
For the Northern District of California

application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief available to

the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules

Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

petition is expected to state facts that point to a 'real possibility of constitutional error.'"

Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

1970)).

**B.     Legal Claims**

Petitioner's sole ground for federal habeas relief asserts that his trial counsel was

ineffective in the plea bargaining stage pursuant to *Lafler v. Cooper*, 132 S.Ct. 1376 (2012).

This claim was not presented on direct appeal.  Petitioner stated that state habeas

petitions were pending in the superior court, court of appeals, and state supreme court.

However, he had only included a petition to the superior court that was dated September

17, 2014.  A search of the dockets for the court of appeals and state supreme court did not

indicate any pending petitions.

Before he may challenge either the fact or length of his confinement in a habeas

petition in this court, petitioner must present to the California Supreme Court any claims he

wishes to raise in this court.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every

claim raised in federal habeas petition must be exhausted).  A petition containing solely

unexhausted claims must be dismissed. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.

2001).

Petitioner was ordered to show cause why this case should not be dismissed.  He

was told to inform the court if the claim was exhausted or if he had filed a petition with the

state supreme court and when that petition was filed.  The time to respond to the court's

order has passed and petitioner has not filed a response or otherwise communicated with

the court.  The case is dismissed without prejudice but petitioner may file a new case once

the claim has been properly exhausted.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

The petition is **DISMISSED** for the reasons set forth above.  Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: December 22, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.14\Campos4685.dis.wpd